UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CURTIS BARBER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-3321** |
| **NEW ORLEANS CITY, ET AL** | **SECTION: "C" (4)** |

## ORDER

Before the Court is a **Motion to Compel (doc.#15)** filed by the plaintiff, Curtis Barber, seeking an order from this Court compelling the defendants to further respond to outstanding discovery. The defendants, the City of New Orleans, Officer Michael Cochran (hereinafter "Cochran"), and Officer Casey Lyda (hereinafter "Lyda"), filed an opposition memorandum.

**I.   Background**

According to Barber's complaint, as he pulled into his own driveway and exited his vehicle, Cochran and Lyda pulled in behind him and ordered him to place both hands on top of his car. They approached him, pepper sprayed him, dragged him from his car to the sidewalk in front of his house and beat him. After the beating, Cohran and Lyda placed him in the back of their police car and informed him that they believed that the car he was driving was stolen. The car was not stolen.

After determining that the car was not stolen, Cochran and Lyda took Barber to Charity Hospital where he was treated for his injuries. While at the hospital, they informed Barber that he was being arrested for Reckless Operations, Improper Lane Usage, Failure to Yield, and No Seat

Belt.

Barber contends that Cochran and Lyda conspired to falsely charge him with the lesser offenses after beating him and then determining that he was not, in fact, driving a stolen car. Barber contends that they violated both his constitutional rights and state laws, including battery, false arrest, and false imprisonment. He seeks to hold the City of New Orleans liable under the doctrine of respondeat superior. The defendants answered, denying liability.

On January 3, 2006, Barber propounded his first request for production of documents on the City and a set of interrogatories on defendant Cochran. He later propounded a set of interrogatories on defendant Lyda on February 20, 2006. The City responded to the interrogatories on January 26, 2006, and responded to his first request for production some seven months later on August 1, 2006. Neither Cohran nor Lyda responded to the interrogatories propounded on them individually.

On September 28, 2006, Barber notified the City that certain of its responses to the first request for production were not satisfactory and propounded a second set of request for production on the City. The parties conferred on October 31, 2006 about the status of the outstanding discovery and the alleged deficiencies in the City's responses to Barber's first request for production. Unsatisfied with the outcome, Barber filed the subject motion to compel seeking (1) more complete responses to his first set of requests for production, (2) responses to the interrogatories propounded on Cochran and Lydia and (3) responses to his second set of request for production propounded on the City.

**II.  Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant of the claim or defense of any party." FED. R. CIV. P. 26(b)(1). The rules governing discovery are accorded a broad and liberal treatment to effect their purpose of adequately

informing litigants in civil trials. *Hebert v Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

### III.   Analysis

During the hearing, Barber informed the Court that the City had satisfied most of the outstanding discovery. Therefore, the Court addresses the remaining issues in turn.

#### A.   Outstanding Interrogatories to Cochran and Lydia

Barber noted that the officers had still failed to respond to the interrogatories propounded in January and February. Counsel for Cochran and Lyda informed the Court that both officers were not currently in New Orleans, but remained on the City's payroll.

The Court then questioned counsel for Cochran and Lyda as to when they could provide those responses, and counsel indicated that responses could be provided in seven days. The Court then ordered that the Cochran and Lyda respond to the outstanding interrogatories, which were propounded to the arresting officers individually, within seven days.

#### B.   Second Requests for Production to the City

Barber then noted that the City had fully responded to its first request for production, and that all that remained outstanding was second request for production number 2-8 which were not answered by the City.

Request for Production Number 2 seeks a copy of the beat book printout from the Second District Power Watch dated August 2, 2004. During the hearing, counsel for the City agreed to produce the printout. The Court then ordered that the City produce the document within three days.

Counsel for the defendants did not object, and assured the Court it could meet the production date.

Requests for Production Numbers 3 through 8 seek copies of all taped statements made during the internal investigation of this matter. During the hearing the City agreed to produce these tapes. The Court then ordered that the City produce the copies of the tapes within three days. Again, counsel for the City did not object, and assured the Court that it could meet the production date.

Accordingly,

**IT IS ORDERED THAT** Barber's **Motion to Compel (doc.#15)** is **GRANTED IN PART AND DENIED AS MOOT IN PART.** It is granted to the extent that Cochran and Lyda will answer the interrogatories and the City will respond to Second Request for Production Numbers 2-8 as outlined in this order. It is denied as MOOT satisfied in all other respects.

New Orleans, Louisiana, this __21st__ day of December 2006

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**